# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO ESPARRAGOZA, | CASE NO. 1:09-cv-01649-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| M. CATE, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## Screening Order

**I.     Screening Requirement**

Plaintiff Rodrigo Esparragoza, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 17, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusions are not, id. at 1949.

## II.     Plaintiff's Eighth Amendment Medical Care Claim

### A.     Allegations

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) and at the time of the events at issue in this action, he was incarcerated at Avenal State Prison.

On July 7, 2009, Plaintiff had outpatient surgery on his left ankle at an outside facility. Upon his return to Avenal State Prison, he was given a Vicodin tablet and a ducat (pass) for a follow-up visit three days later. The next day, Plaintiff reported blood seeping through his cast to a nurse and a doctor sent him over to the 390 Complex.[1] The doctor there told Plaintiff the bleeding and the swelling were normal, and said he was not going to remove Plaintiff's cast. Plaintiff told the doctor that the surgeon said to report any bleeding, swelling, or numbness, but the doctor said it was normal post-operative bleeding.

On July 9, 2009, Plaintiff again went to the yard clinic and reported that the bleeding had not stopped, the swelling was worse, and his toes were going numb and turning purple. At that time, Plaintiff had not yet begun to receive the medication prescribed by the surgeon. The nurse at the yard clinic sent Plaintiff back to the 390 Complex, where a nurse said his symptoms were normal. When Plaintiff told the nurse what the surgeon had said and stated things were not normal, the nurse became angry and ordered a correctional officer to place Plaintiff in a holding cell until Plaintiff was ready to speak to the nurse properly. After a half an hour, Plaintiff said to forget it and asked to be

---

[1] Although Plaintiff does not explain what the 390 Complex is, the Court surmises it is a separate medical facility at the prison equipped to provide a higher level of care than the yard clinic.

2

1  sent back to his cell.  At that time, Plaintiff was in great discomfort.  The nurse administered an
2  injection, but refused to say what it was for.

3        On July 12, 2009, Plaintiff went to the clinic and reported that he was in great pain.
4  Plaintiff's toes were black and mushy, and his capillary response was approximately five seconds.
5  The nurse referred Plaintiff to the 390 Complex, and by telephone informed the doctor there about
6  Plaintiff's condition in detail.  The nurse reported that she was told by the doctor to wait an hour to
7  see if Plaintiff's condition improved.  After an hour, Plaintiff was given a bag of ice and told he
8  would be summoned by ducat the next day.

9        On July 13, 2009, Plaintiff went to the clinic to get his medication and then returned to his
10 cell.  Plaintiff was later summoned to the clinic, where he was told he would be going to see Dr.
11 Blackwell at the 390 Complex.  Dr. Blackwell subsequently verified Plaintiff's capillary response
12 was slow and directed his assistant to cut Plaintiff's cast off.  The wound was weeping fresh blood,
13 and Dr. Blackwell cleaned it, dressed it, and applied a splint.  Dr. Blackwell was displeased with the
14 condition of the wound and told Plaintiff he was referring him back to Mercy Hospital for x-rays.

15       At Mercy Hospital, Dr. Wisnoff told Plaintiff his cast had been on too tight and in another
16 two days, Plaintiff might have required amputation of his toes.

17       Plaintiff alleges that he is still experiencing swelling, a burning sensation, and spreading
18 numbness, and that there is a putrid smell coming from his cast.

19     **B.**     **Linkage Deficiencies**

20       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
21 must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096
22 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part
23 test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
24 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
25 the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
26 deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059
27 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
28 Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has adequately alleged a serious medical need which was disregarded. However, Plaintiff has not linked anyone to denial of appropriate medical care. The defendants named in this action are CDCR Director Matthew Cate, Warden J. D. Hartley, and Chief Medical Officer Greenman. The complaint is devoid of any allegations linking them to the failure to provide Plaintiff with medical care, and liability may not be imposed against them because of their positions of authority. Iqbal, 129 S.Ct. at 1948-49.

The Court will provide Plaintiff with the opportunity to file an amended complaint. In amending, Plaintiff must set forth sufficient facts linking one or more prison employees to the knowing disregard of a serious risk of harm to his health. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 17, 2009, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   January 6, 2011**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE